IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
JON HOLMAN,                           :      CIVIL ACTION
          Petitioner                  :
                                      :
      VS.                             :
                                      :
RAYMOND SOBINA,                       :
      AND                             :
THE DISTRICT ATTORNEY OF              :
THE COUNTY OF PHILADELPHIA,           :
      AND                             :
THE ATTORNEY GENERAL OF               :
THE STATE OF PENNSYLVANIA,            :
          Respondents                 :      NO. 02-3723
```

REPORT AND RECOMMENDATION

CHARLES B. SMITH
UNITED STATES MAGISTRATE JUDGE

Now pending before the Court is a pro se Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Somerset, Pennsylvania. For the reasons which follow, it is recommended that the Petition be denied and dismissed as untimely.

I.   PROCEDURAL HISTORY

On May 30, 1997, following a jury trial presided over by the Honorable Jane Greenspan of the Philadelphia Court of Common Pleas, petitioner was convicted of voluntary manslaughter. The charges arose out of petitioner's beating death of another man outside an apartment building in Philadelphia. Judge Greenspan sentenced petitioner to a term of imprisonment of eight to twenty

years for the crime.

Subsequently, petitioner appealed to the Pennsylvania Superior Court. By way of an unpublished opinion, issued on August 20, 1998, the Superior Court affirmed the judgment of sentence. Commonwealth v. Holman, 726 A.2d 411 (Pa. Super. 1998). Petitioner did not seek allowance of appeal from the Pennsylvania Supreme Court.

On August 20, 1999, petitioner filed a pro se petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, et seq. (1998). The PCRA court appointed counsel, who, upon review of the record, filed a "no merit" letter and petition to withdraw pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. 1998). Thereafter, the court considered the issues raised, permitted counsel to withdraw and denied the petition on the merits. The Pennsylvania Superior Court affirmed this decision on March 9, 2001. Commonwealth v. Holman, 777 A.2d 503 (Pa. Super. 2001). Again, petitioner declined to seek allowance of appeal.

Petitioner executed the instant Petition for Writ of Habeas Corpus Court on June 7, 2002, raising the following claims:

    1. Denial of effective assistance of all prior counsel:

        A. For failing to cross-examine prosecution witness Lawrence Amaker;

        B. For failing to subpoena an expert witness to testify that the movement of the victim by non-medical personnel could have caused the death of the victim;

2

        C.    For failing to cross-examine police at trial regarding their handling of the victim at the scene before the Philadelphia Fire Paramedics arrived;

    2.    Direct appeal counsel was ineffective for failing to challenge trial counsel's ineffectiveness;

    3.    Conviction obtained by a violation of the protection against Double Jeopardy;

    4.    Petitioner's Sixth amendment was violated because defense counsel was actively representing conflicting interests;

    5.    Petitioner's sentence violates the Eighth Amendment.

In reply, the respondent argues that the entire petition must be dismissed as time-barred. Considering the opposing arguments, the Court now turns to the petition at hand.

## II. TIMELINESS

Notwithstanding petitioner's allegation of substantive grounds for relief, one procedural obstacle precludes federal review of those claims -- timeliness. Under the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), enacted April 24, 1996:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review.[1] 28 U.S.C. § 2244(d)(1) (1996). If direct review of a criminal conviction ended prior to the statute's effective date, then under Third Circuit precedent, a prisoner has one-year subsequent to the effective date to commence a habeas action. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

The statute, however, creates a tolling exception, which notes that, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If petitioner files an out-of-time

---

[1] The statute also sets forth three other potential starting points for the running of the statute of limitations, as follows:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). As petitioner has not alleged and the Court cannot glean any facts indicating that any of these other starting points should be used, we do not consider them.

application and the state court dismisses it as either time-barred or waived, then it is not deemed to be a "properly-filed application." Morris v. Horn, 187 F.3d 333, 338 (3d Cir. 1999); Cohen v. District Attorney for Philadelphia County, Civ. A. No. 98-136, 1999 WL 358966, *3 (E.D. Pa. June 4, 1999).  Notably, § 2244(d)(2) of the AEDPA excludes from the one year period only the time that a properly filed collateral attack is actually under submission.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104, 120 S. Ct. 1846 (2000) ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."); Flanagan v. Johnson, 154 F.3d 196, 199 n. 1 (5th Cir. 1998) ("Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation.").

In the case at bar, petitioner's judgment became final on September 20, 1998, thirty days after the date when the Pennsylvania Supreme Court denied allowance of appeal.[2]  See Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (judgment

---

[2] Under Pa. R. App. P. 903(a), a notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken.

becomes final at the conclusion of direct review or the expiration of time for filing such review, including the time for filing a petition for writ of certiorari in the United States Supreme Court). As this event occurred after the effective date of the AEDPA, petitioner had one year from September 20, 1998, *i.e.* until September 20, 1999, to file a federal petition for writ of habeas corpus.

After letting eleven months of his one-year limitations period pass, petitioner submitted a properly-filed PCRA petition on August 20, 1999. That petition remained pending until April 9, 2001, thirty days after the Pennsylvania Superior Court affirmed the lower court's denial of relief. Thereafter, petitioner had one more month, until May 9, 2001, to file a federal petition for writ of habeas corpus. He failed to do so, however, until June 7, 2002, approximately thirteen months after the statute of limitations expired. Having thus failed to comply with the one-year restriction, this Court has no choice but to dismiss the request for habeas relief without consideration on the merits.

One avenue of relief remains for petitioner. The statute of limitations in the AEDPA is subject to equitable tolling. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. (quotation omitted). The

6

petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." Id. at 618-619 (internal quotation omitted). The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 122 S. Ct. 323 (2001) (citing cases). To otherwise apply equity would "loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

      Petitioner has not put forth any explanation for the more than one-year delay in filing his petition, let alone a reason constituting extraordinary circumstances. Consequently, we decline to exercise our equitable tolling powers and we dismiss his entire

petition.[3]

       Therefore, I make the following:


## RECOMMENDATION

       AND NOW, this _____ day of *December*, 2002, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be DENIED AND DISMISSED.  There is no probable cause to issue a certificate of appealability.


       BY THE COURT:


_____
CHARLES B. SMITH
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner did submit an "Affidavit in Support of Timely Filing."  It only seeks, however, to establish that, under the prison mailbox rule, his petition should be deemed filed on June 7, 2002, the date he delivered it to prison authorities, rather than June 11, 2002, the date it was actually deemed filed in this Court.  As both respondent and this Court have accepted June 7, 2002 as the proper filing date, and as the Affidavit makes no effort to explain why the habeas petition was not filed prior to June 7th, it has no impact on our ruling.