July 3, 2003

Honorable Bruce W. Kauffman
United States District Court
U.S. Courthouse
601 Market Street, Room 5613
Philadelphia, Pennsylvania 19106-1776

     **Re: Holman v. Sobina, et al.**
       **Civil Action No. 02-3723 and**
       **Misc. Action No. 02-0041**

Dear Judge Kauffman:

  Enclosed please find a copy of our Motion for Service and for Extension of Time to File Response to Objection, the original of which has been filed with the Clerk.

          Respectfully submitted,


          JOHN W. GOLDSBOROUGH
          Assistant District Attorney


/jwg
Enclosure

cc: Jon Holman, *pro se*
   Magistrate Judge Charles B. Smith

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

JON HOLMAN                         :     CIVIL ACTION

      V.                           :     NO. 02-MC-0041
                                                                                   AND
RAYMOND SOBINA, et al.             :     NO. 02-CV-3723

## MOTION FOR SERVICE AND FOR
## EXTENSION OF TIME TO FILE RESPONSE TO OBJECTION

    **LYNNE ABRAHAM**, District Attorney of Philadelphia County, by **JOHN W. GOLDSBOROUGH**, Assistant District Attorney, and **THOMAS W. DOLGENOS**, Chief, Federal Litigation, on behalf of respondents, respectfully requests that respondents be served, and that they be granted an extension of time to file their response to petitioner's objection, and, in support thereof, states:

    1.   On December 11, 2002, a Report and Recommendation (R&R) of the Honorable Charles B. Smith was filed in this case, recommending that it be dismissed for failure to file by the May 9, 2001 habeas filing deadline.  R&R at 6.

    2.   On February 19, 2003, this Court granted petitioner an extension of time until March 17, 2003, to file his objection to the R&R.  Until July 1, 2003, that order was the most recent pleading or order received by respondents in this case.

    3.   Respondents awaited petitioner's objection but did not receive it until July 1, 2003, as described below.  Petitioner still has not served his objection upon respondents.  It is, however, petitioner's obligation to give no-

1

tice to respondents by actually serving them with any pleading he files with the Court, unless the Court itself performs that task for him.

    4.   On July 1, 2003, undersigned counsel performed a routine check through his filing cabinet, seeking cases such as this one which had, for reasons unknown to him, ceased activity -- for the purpose of inquiring further as to the cause of the delay.

    5.   Noting the inactivity in this case since February, undersigned counsel used the web to gain a docket report from the Court's ECF system and found for the first time that petitioner had actually filed his objection on March 19, 2003. (The docket did not include a separate notation of a certificate of service with that pleading, although the docket usually does include such a notation when one is filed.)

    6.   Undersigned counsel immediately contacted this Court's chambers and was connected to the assigned law clerk, Ms. Patrice Sabach. She kindly agreed to fax respondents a courtesy copy of petitioner's objection. (She also confirmed that there had been no certificate of service filed with the objection.)

    7.   This Court therefore itself served the objection, docket entry no. 19, on respondents at 5:43 p.m. on July 1, 2003, according to the fax machine's time-stamp. Undersigned counsel read the objection for the first time on July 2, 2003, for he had left the office at 5:00 p.m. on July 1.

8.  Respondents have not been served with the pleading noted at docket entry number 20, "Memorandum from Petitioner Jon Holman with corrections attached of pages 3 & 4 of Objection to the Report and Recommendation."  Respondents respectfully request that the Court serve them with the aforementioned pleading.

9.  In the objection as faxed by the Court, petitioner alleged that on February 22, 2002, he had made an initial filing in this case, by moving for an extension of time to file his habeas petition, and that on March 19, 2002, this Court had issued an order granting that extension of time to petitioner to file his habeas petition.

10.  Upon reading this allegation in petitioner's objection for the first time on July 2, 2003, undersigned counsel looked up the docket of this case and confirmed that petitioner's allegations as to this matter appear to have at least a facial basis.  The extension motion and order granting it were filed under a different docket number, No. 02-MC-0041, than that of the present case, No. 02-CV-3723.  There is, however, no "related cases" cross-reference in the docket of No. 02-CV-3723 to docket No. 02-MC-0041.

11.  Neither petitioner's extension motion nor the Court's order granting it was served on respondents.  The Court did not issue its usual order notifying respondents of the existence of that case.  Until reading the faxed objection on July 2, 2003, respondents were unaware of, and had no reason to be aware of, the existence of the motion for an

3

extension and the Court's order.[1] That judicial proceeding was entirely *ex parte*, it appears, and respondents were denied both timely notice of, and the opportunity to be heard concerning, that matter.

12. However, respondents either were or should have been named parties in case No. 02-MC-0041. That case is classified under the "Cause" heading as a "Petition for Writ of Habeas Corpus," it appears to concerns the same state conviction about which petitioner complains in the present case, and the analysis of the timeliness of the habeas petition eventually filed is plainly related to it. Docket, No. 02-MC-0041.

13. Respondents therefore respectfully request that the Court serve them with every document listed on the docket of case No. 02-MC-0041, including pleadings by petitioner and orders of this Court.

14. The Court's decision not to serve respondents in case No. 02-MC-0041 contemporaneously, its decision to allow the miscellaneous case to remain *ex parte*, and its decision to grant petitioner's extension request, which was filed on February 22, 2002, has now added an unusual wrinkle to the

---

[1] The cross-reference entered as part of a docket entry regarding a motion for appointment of counsel cannot, given this office's busy docket of federal habeas petitions, be construed as notice concerning the entirely unrelated issue of timely filing. See docket of No. 02-CV-3723, entry no. 8.

4

fact that petitioner's habeas filing deadline was in May of 2001.  Respondents should have been allowed to point this out to the Court prior to its decision on this matter.

    15.  Respondents are regularly, and it appears increasingly, not being notified by courts of this district of relevant pleadings and orders in habeas cases in which they are expected to respond.  That calls for some sort of correction, whether through internal administrative, judicial, or other means.  Prior to the above-recited facts of the present case coming to light, respondents were already considering what manner of correcting this problem would be most appropriate.  The extent of lack of notice to respondents in this case, together with the denial of the opportunity to be heard on petitioner's extension motion, renders it a compelling example of this practice.

    16.  That petitioner's motion for an extension was never subjected to adversarial process was itself a decision of this Court; according to the procedures of this district, unless the Court itself determines that it is appropriate to serve respondents in a habeas matter, respondents are not served and are unaware of that matter.  Such lack of notice to respondents is inappropriate and inequitable.

    17.  In determining how to answer petitioner's objection that equity demands tolling, therefore, respondents must not only consider the facts of the present case, but also must, as a matter of policy, decide how best to address and correct this systemic problem -- whether administra-

tively, through Court conference, through litigation and possible appeal of this case, or possibly through some other means. Objection at unnumbered second page (arguing for equitable tolling).

18. In addition to deciding how to address the repeated systemic problem of which this case is but one example, respondents must determine what they believe is equitable in this case, in light of Constitutional considerations of due process. In doing so, respondents must consider the federal habeas time-bar; the fact that petitioner's deadline for filing, May 9, 2001, had already passed by the time petitioner filed his *ex parte* motion requesting an extension on February 22, 2002 (the contents of which are as yet unknown to respondents); the fact that the filing deadline had also passed when this Court issued its *ex parte* order on March 19, 2002, granting petitioner's late request for an extension; and the fact that the proceeding was conducted entirely *ex parte*.

19. The determination of what position the District Attorney's Office should take on the issue of what is truly equitable in this case is, therefore, one that should be made by the Chief of the Federal Litigation Unit of this Office, Thomas Dolgenos, and not by one of his Assistants such as the undersigned.

20. Mr. Dolgenos, however, is on a pre-paid family vacation until next week.

21. The volume of work that awaits Mr. Dolgenos upon his return in capital and non-capital habeas cases in both the Third Circuit and this district renders it unlikely that he will be able to consider this matter until at least a day or two after his return. Once he has considered and discussed an appropriate mode of response with undersigned counsel, counsel must prepare a draft for editing by Mr. Dolgenos, in accordance with this Office's routine policy.

22. Therefore, respondents respectfully request that they be afforded until July 15, 2003, a date ten days (excluding weekends) after they were actually served with petitioner's objection by the Court itself via fax, by which to make their response to his objection concerning what is actually equitable under these unusual circumstances.

**WHEREFORE**, respondents respectfully request that they be served immediately with all relevant pleadings and orders under these two docket numbers, and that they be afforded until July 15, 2003, to file their response to petitioner's objection.

    Respectfully submitted,

    JOHN W. GOLDSBOROUGH
    Assistant District Attorney
    THOMAS W. DOLGENOS
    Chief, Federal Litigation

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JON HOLMAN | : | CIVIL ACTION |
| v. | : | NO. 02-MC-0041 |
| | | <u>AND</u> |
| RAYMOND SOBINA, et al. | : | NO. 02-CV-3723 |

### CERTIFICATE OF SERVICE

    I, JOHN W. GOLDSBOROUGH, hereby certify that on July 3, 2003, a copy of the foregoing pleading was served by placing same, first-class postage prepaid, in the United States Mail, addressed to:

        Jon Holman, #DJ-0419
        State Correctional Institution at Somerset
        1600 Walter's Mill Road
        Somerset, PA  15510


        _____
        JOHN W. GOLDSBOROUGH
        Assistant District Attorney
        1421 Arch Street
        Philadelphia, PA  19102
        (215) 686-5719