July 15, 2003


Honorable Bruce W. Kauffman
United States District Court
U.S. Courthouse
601 Market Street, Room 5613
Philadelphia, Pennsylvania 19106-1776

        **Re:  Holman v. Sobina, et al.
            Civil Action No. 02-3723 and
            Misc. Action No. 02-0041**

Dear Judge Kauffman:

    Enclosed please find a copy of our Response to Objection, the original of which has been filed with the Clerk.

                                      Respectfully submitted,


                                      JOHN W. GOLDSBOROUGH
                                      Assistant District Attorney


/jwg
Enclosure

cc:  Jon Holman, *pro se*
     Magistrate Judge Charles B. Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JON HOLMAN                    :    CIVIL ACTION

        V.                    :    NO. 02-MC-0041
                                        AND
RAYMOND SOBINA, et al.        :    NO. 02-CV-3723


## RESPONSE TO OBJECTION

**LYNNE ABRAHAM**, District Attorney of Philadelphia County, by **JOHN W. GOLDSBOROUGH**, Assistant District Attorney, and **THOMAS W. DOLGENOS**, Chief, Federal Litigation, on behalf of respondents, respectfully requests that petitioner's objection be overruled; that all the entries from docket No. 02-MC-0041 be placed on No. 02-CV-3723; that this Court vacate its *ex parte* order of March 19, 2002 in No. 02-MC-0041; and that respondents be served with and allowed to respond to petitioner's February 22, 2002 motion for extension of time to file; and, in support thereof, states:

Petitioner has never served a single pleading upon respondents in this case. This violates Federal Rule of Civil Procedure 5, which is applicable to habeas corpus actions through Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. The only service that has been made upon respondents is by the Court, but that in itself has been incomplete.

On July 3, 2003, respondents filed a motion for service of all relevant pleadings and orders in this case that had not been served upon them. (Respondents hereby incorporate

1

the substance of that motion here, so as not to be redundant.)  As of today, July 15, 2003, the Court has not granted that motion.  Therefore, respondents still do not know what was contained in the pleadings and orders not served upon them.

In the same pleading of July 3, 2003, respondents moved for an extension of time to file this response to petitioner's objection.  That motion was made in an abundance of caution, because the objection was not served on respondents until July 1, 2003 (by the Court itself), although petitioner filed it on March 19, 2003.  Thus, respondents' deadline, without any extension, should in any event be July 15, 2003.  <u>See</u> Fed. R. Civ. P. 72(b) (ten days from date of service); 28 U.S.C. §636(b)(1) (ten days after being served); Fed. R. Civ. P. 6(a) (excluding weekends when time period is less than 11 days).

Because respondents have not yet heard from the Court, respondents are filing this response to objection now, in order to comply with the non-extended deadline.  Response is difficult, however, because respondents do not have all relevant facts and pleadings in this case.  Therefore, respondents respectfully reserve the right to supplement this response to objections upon receiving the pleadings and orders they have requested.

In response to petitioner's objection, respondents request that it be overruled.  The objection relies primarily upon this Court's having granted an extension *ex parte*.  The

2

extension motion was not served upon respondents, and respondents thus had no opportunity to respond to it before it was granted. In order to fully respond to these objections, therefore, respondents renew their request to see the original extension motion. Respondents also respectfully request that this Court vacate its order of March 19, 2002, granting the extension *ex parte*.

The problem seems to be that this Court understandably granted the extension motion because it was apparently non-controversial. But since the original request for more time was itself untimely -- that is, well past the habeas filing deadline at 28 U.S.C. § 2244(d) -- an extension of time in which to file was improper without an <u>initial</u> showing that particular extraordinary circumstances prevented timely filing despite the exercise of reasonable diligence, justifying the late filing under the well established law concerning equitable tolling of the federal habeas statute of limitations. <u>See</u> <u>Merritt</u>, <u>supra</u> (reciting standards for equitable tolling); <u>Fahy v. Horn</u>, 240 F.3d 239 (3d Cir. 2001) (same).

Finally, in order to prevent any further confusion, especially of any Court which might in the future review this case, respondents respectfully request that all the entries from docket No. 02-MC-0041 be placed on No. 02-CV-3723. The two docket numbers concern one habeas petition only. Had there been only one docket number from the start, although respondents still would not have been served, at least they would have noticed the non-served pleadings and orders on

3

the docket when they looked it up within the Court's paid internet docketing systems known as Electronic Case Filing (ECF) and/or PACER.

The relief respondents request today is simple fairness. Since petitioner's objection is grounded primarily upon the allegations in the un-served extension motion, and since respondents have still not been served with that motion , respondents would be forced today to refute those allegations without knowing what they are.

Facially, it appears the extension should never have been granted. Both respondents and the Magistrate Judge have already sufficiently explained the legal basis and application of the habeas deadline in this case; that will not be repeated here. Suffice it to say that petitioner's federal habeas filing deadline was May 9, 2001. Report and Recommendation (R&R) at 6.

Well after that deadline passed, on February 22, 2002, petitioner filed -- as his initial pleading in this habeas case (an unusual first step in this **non-capital** habeas case) -- a motion for extension of time to file his habeas petition. This Court *ex parte* granted petitioner's request on March 19, 2002. Respondents remained unaware of the existence of the motion and the order granting it until only recently. E.D.Pa. Docket No. 02-MC-0041. See Respondents' Motion for Service and for Extension of Time (filed July 3, 2003) (explaining that respondents learned of the *ex parte*

4

extension motion and order on July 2, 2003, when they read petitioner's objection).

It is highly unlikely that the Court realized the habeas filing deadline had already passed when petitioner filed his request. Had they been allowed to respond to petitioner's motion, respondents would also certainly have attempted to verify and/or refute petitioner's factual claims supporting his presumed request for equitable tolling, through investigation at his confining institution, the Superintendent of which is one of the named parties in this action. See Exhibit A (communication from SCI Somerset making it plain that petitioner was not in the Restrictive Housing Unit (RHU) during the entire period required to be equitably tolled, nor was he prevented from filing a habeas petition while in the RHU).

Thus, there is apparently no extraordinary circumstance to justify equitable tolling here. See Merritt, supra; Brown v. Shannon, 322 F.3d 768 (3d Cir. 2003 (equitable tolling failed due to failure of reasonable diligence where petitioner failed to file during one month before expiration of the one-year statute of limitations after impediment lifted that he could have done so); Allen v. Lewis, 255 F.3d 798 (9th Cir. 2001) (equitable tolling requires proximate causation, i.e., prevention of filing, throughout entire period of toll); Walker v. Frank, 56 Fed. Appx. 577, 581 (3d Cir. 2003) (not precedential) (reasonable diligence not shown). Federal courts have been extremely reluctant to

5

find equitable tolling based on this sort of claim.  Lockdowns, restrictive housing as a consequence of misbehavior, lack of access to legal resources, and disturbances are all routine aspects of prison life.  A petitioner must take them into consideration in deciding when to file a federal petition, for they generally "do not constitute extraordinary circumstances sufficient to equitably toll the statute of limitations."  Atkins v. Harris, 1999 WL 13719 (N.D. Cal. 1999), citing Miler v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S.Ct. 210 (1998) (claim of limited prison law library access insufficient to establish extraordinary circumstances for equitable tolling).  See Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000) (claim of inadequacies of prison law library insufficient to establish extraordinary circumstances for equitable tolling); Bonilla v. Ricks, ___ F.Supp. ____, 2001 WL 253605, *2 (S.D. N.Y., March 14, 2001) (rejecting inadequate time in prison library as extraordinary circumstance for equitable tolling, and citing four cases in same district doing same, including Rhodes v. Senkowski, 82 F.Supp.2d 160 (S.D. N.Y. 2000), q.v.); United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal. 1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations).  See also U.S. v. Ramsey,

6

1999 WL 1210827 (E.D. Pa. 1999); <u>Asquith v. Volunteers of America</u>, 1 F.Supp.2d 405, 410 (D.N.J. 1998).

Not only are routine conditions of prison life insufficient to be extraordinary circumstances, but claims of equitable tolling based upon them are themselves "run-of-the-mill." <u>Posada v. Schomig</u>, 64 F.Supp.2d 790, 796 (C.D. Ill. 1999). They are easy to allege and difficult to disprove. If such reasons for equitable tolling were to be found sufficient, then all prisoners would and could claim them.

Petitioner's primary objection is that the R&R did not take into account this Court's order granting his extension motion on March 19, 2002.

Therefore, in response to his objection, and also in order to remedy the due process violation that has occurred in this case, respondents respectfully request that petitioner's objection be overruled, and that they be served with and allowed to respond to petitioner's motion for extension of time filed on February 22, 2002. Necessarily, then, they also request that the Court's order granting petitioner's extension motion, dated March 19, 2002, at docket No. 02-MC-0041, be withdrawn and stricken from the record. Finally, in order to prevent any further confusion, respondents request that all the entries from the miscellaneous docket number above, 02-MC-0041, all of which

7

concern this habeas petition, be placed on the habeas petition docket itself, i.e., No. 02-CV-3723.

                                      Respectfully submitted,


                                      JOHN W. GOLDSBOROUGH
                                      Assistant District Attorney


                                      THOMAS W. DOLGENOS
                                      Chief, Federal Litigation

```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| JON HOLMAN | : | CIVIL ACTION |
| v. | : | NO. 02-MC-0041 |
| | | <u>AND</u> |
| RAYMOND SOBINA, et al. | : | NO. 02-CV-3723 |

## CERTIFICATE OF SERVICE

    I, JOHN W. GOLDSBOROUGH, hereby certify that on July 15, 2003, a copy of the foregoing pleading was served by placing same, first-class postage prepaid, in the United States Mail, addressed to:

        Jon Holman, #DJ-0419
        State Correctional Institution at Somerset
        1600 Walter's Mill Road
        Somerset, PA  15510


        _____
        JOHN W. GOLDSBOROUGH
        Assistant District Attorney
        1421 Arch Street
        Philadelphia, PA  19102
        (215) 686-5719