IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JON HOLMAN** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-cv-3723 |
| | : | NO. 02-mc-0041 |
| **RAYMOND SOBINA, et al.** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                              **May        , 2004**

Now before the Court is the pro se Petition of Jon Holman ("Petitioner") for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in the State Correctional Institution at Somerset, Pennsylvania ("SCI-Somerset"). For the reasons that follow, the Petition will be denied and dismissed as untimely.

**I.      Procedural History**

On May 30, 1997, Petitioner was convicted by a jury of voluntary manslaughter. The Honorable Jane Greenspan of the Philadelphia Court of Common Pleas sentenced Petitioner to eight to twenty years of imprisonment. Petitioner appealed to the Pennsylvania Superior Court, which affirmed the judgment in an unpublished opinion issued on August 20, 1998. Commonwealth v. Holman, 726 A.2d 411 (Pa. Super. 1998). He did not seek allowance of appeal from the state Supreme Court.

On August 20, 1999, Petitioner filed a pro se petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541, et seq. (1998). The PCRA court appointed counsel, who reviewed the record and the petition and requested permission to withdraw because the petition lacked merit. The PCRA court independently reviewed the issues

raised, permitted counsel to withdraw, and denied the petition on the merits. The Pennsylvania Superior Court affirmed this decision on March 9, 2001. Commonwealth v. Holman, 777 A.2d 503 (Pa. Super. 2001). Petitioner again declined to seek allowance of appeal.

On February 22, 2002, Petitioner instituted a miscellaneous action in this Court requesting an extension of time to file his Petition. Having no other information before it, the Court granted the apparently uncontested Motion on March 20, 2002.[1] Petitioner filed the instant Petition on June 11, 2002, alleging ineffective assistance of counsel and violation of his Fifth and Eighth Amendment rights.

The Court designated United States Magistrate Judge Charles B. Smith to submit a Report and Recommendation. See 28 U.S.C. § 636(b)(1)(B); Local R. Civ. P. 72.1(I)(b). Magistrate Judge Smith has recommended that the Court deny the Petition as time-barred. Because Petitioner has objected to the Magistrate Judge's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Having reviewed the Report and Recommendation and Petitioner's Objections thereto, the Court will approve and adopt the Report and Recommendation.

**II.   Legal Standard**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 et seq., which provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of -

---

[1] The Court has subsequently learned that no response was filed because Respondents were never served. See discussion, infra p. 4.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[2]

28 U.S.C. § 2241(d)(1). The statute is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2241(d)(2).

The statute of limitations is subject to equitable tolling when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (internal quotations omitted). "This unfairness generally occurs when the petitioner has in some extraordinary way ... been prevented from asserting his or her rights." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted). The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." Id. at 618-19 (internal quotations omitted).

**III. Analysis**

In his Report and Recommendation, Magistrate Judge Smith found that Petitioner's judgment became final on September 20, 1998, when the time within which Petitioner could have filed for allowance of appeal in the state Supreme Court expired.[3] Accordingly, the 1-year statute of limitations began to run on that date. Eleven months later, Petitioner submitted a properly-filed PCRA petition on August 20, 1999, which tolled the statute of limitations. That

---

[2] The statute also sets out three other potential starting points for the running of the statute of limitations, which are inapplicable to the instant case.

[3] Pursuant to Pa R. App. P. 903(a), a notice of appeal must be filed within 30 days of the entry of the order from which appeal is taken.

petition remained pending until April 9, 2001, thirty days after the Pennsylvania Superior Court affirmed the lower court's denial of relief, at which point the federal statute of limitations again began to run. Petitioner therefore had one more month, until May 9, 2001, in which to file a federal petition for writ of habeas corpus. However, Petitioner did not file his Petition until June 11, 2002, which clearly violates the applicable limitations period. Magistrate Judge Smith further found that Petitioner had not put forth any explanation for the delay in filing his Petition, and accordingly that the circumstances of this case do not justify equitable tolling.

Petitioner objects to the Report and Recommendation with respect to the Magistrate's finding on equitable tolling. First, Petitioner argues that this Court's March 20, 2002 Order granting Petitioner an extension of time to file his Petition reflects the Court's intent to equitably toll the statute of limitations. Petitioner is incorrect. When Petitioner initially filed his Motion for Extension of Time on February 22, 2002, the Court did not yet have before it the Petition or the state court record, and was not aware that the statute of limitations had already run. Further, the Court did not have the benefit of a response to that Motion because Petitioner failed to serve his Motion on Respondents. Accordingly, the Court's March 20, 2002 Order is not determinative.

Petitioner next argues that there were extraordinary circumstances in his case that warrant equitable tolling. He claims that he was housed in the Restricted Housing Unit ("RHU") at SCI-Somerset and that, as a result, he was denied necessary legal materials and access to the prison law library. This argument is unavailing, however, because Petitioner was not in the RHU during the relevant time period. Petitioner had until May 9, 2001 to file a petition. He was first confined to the RHU in June of 2001, after the limitations period had already expired. See Response to Objection, Exhibit A. Moreover, courts have held that inadequacy of prison legal

materials is not the kind of extraordinary circumstance that would warrant equitable tolling.  See, e.g., United States v. Ramsey, 1999 WL 1210827, *1 (E.D. Pa. Dec. 9, 1999).  Accordingly, Petitioner's Objection is without merit and will be overruled.[4]

### IV.     Conclusion

The Petition must be dismissed without consideration on the merits because it was filed outside the applicable limitations period.  An appropriate Order follows.

---

[4] Petitioner makes a third argument that "the Magistrate Judge Charles B. Smith erred in not applying the one-year period on which new independent issues were exhausted in state court.  The court must toll the period in a collateral proceeding whereby new independent issues never before raised are brought before it."  Petitioner's Objection to the Report and Recommendation at 3.  To the extent that Petitioner is arguing that the limitations period should have been tolled during the pendency of his PCRA petition, the Report and Recommendation clearly states that the statute of limitations was tolled during that time.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JON HOLMAN** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 02-cv-3723 |
| | : | NO. 02-mc-0041 |
| **RAYMOND SOBINA, <u>et al.</u>** | : | |

**ORDER**

**AND NOW**, this         day of May, 2004, upon consideration of the Report and Recommendation of United States Magistrate Judge Charles B. Smith and Petitoner's Objection thereto, and after review of the pleadings and record in this case, it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;

2. The Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is **DENIED** and **DISMISSED** in its entirety;

3. There is no probable cause to issue a certificate of appealability.


BY THE COURT:


_____
**BRUCE W. KAUFFMAN, J.**